[No. 9240.  Department Two.  July 24, 1911.]

ADAMS COUNTY MERCANTILE COMPANY, *Respondent*, v.
WALLA WALLA LIVESTOCK COMPANY, *Appellant*.[1]

CORPORATIONS — REPRESENTATIONS — CONTRACTS — AUTHORITY OF
AGENT—EVIDENCE—SUFFICIENCY. The foreman in charge of a large
ranch belonging to a corporation had authority to purchase an
engine and hay baler, where it appears that he managed the ranch,
employed laborers and purchased supplies, and pending the nego-
tiations, the president of the corporation was called over the tele-
phone to discuss the terms of sale and informed the seller's agent
that if the deal was satisfactory to the foreman it would be sat-
isfactory to the company.

FRAUDS, STATUTE OF—SALE OF PERSONALTY — ACCEPTANCE — EVI-
DENCE—SUFFICIENCY. An absolute acceptance of an engine and hay
baler is shown, sufficient to take an oral sale thereof out of the
operation of the statute of frauds (Rem. & Bal. Code, § 5290, re-
quiring a note or memorandum thereof, in writing, etc., unless the
purchaser shall accept and receive part of the goods etc.), where
it appears that the agent, authorized to purchase the same, re-
ceived the engine and baler early in June and hauled them to the
purchaser's ranch, where they remained, long prior to the com-
mencement of the action, the purchaser knowing that the seller
claimed an absolute sale, delivery, and acceptance, the purchaser
making no demand for a test thereof as provided for in the contract.

Appeal from a judgment of the superior court for Adams
county, Holcomb, J., entered January 29, 1910, upon find-
ings in favor of the plaintiff, after a trial on the merits
before the court without a jury, in an action on contract.
Affirmed.

*Sharpstein & Sharpstein*, for appellant.

*Zent & Cannon* and *C. W. Rathbun*, for respondent.

CROW, J.—This action was commenced by Adams County
Mercantile Company, a corporation, to recover the purchase
price of machinery sold to Walla Walla Livestock Company,
a corporation. From a judgment in plaintiff's favor, the
defendant has appealed.

[1]Reported in 116 Pac. 669.

The machinery consisted of an engine and hay baler. An oral contract of sale, for a consideration of $851, is claimed to have been made some time in May, 1909, by respondent through J. E. Carman, its president, to appellant through E. Crowley, its agent. Appellant owns a large ranch in Adams county, some distance from Ritzville, which was then in charge of Crowley, its foreman. Respondent claims Crowley, as appellant's authorized agent, purchased the engine and baler for use on the ranch. The case turns upon two contentions made by appellant; (1) that Crowley was not authorized to purchase the machinery as its agent; and (2) that the oral contract of sale was void under the statute of frauds.

On the first proposition, we conclude the evidence is sufficient to sustain a finding of Crowley's authority to make the purchase as agent of appellant. Appellant's office and all of its principal officers were in the city of Walla Walla. Its Adams county ranch was in charge of its conceded agent, Crowley, who as foreman managed the same, employed and discharged laborers, purchased supplies, and approved bills which appellant paid. While it is true no evidence appears to the effect that Crowley had theretofore purchased machinery of any considerable value, it does appear that, when negotiations were pending on the sale in question, the respondent's president, at Crowley's request, telephoned the appellant at Walla Walla to discuss the terms of the sale, manifestly in relation to the time of payment, which was extended to October 1, 1909, and that during the telephone conversation, respondent was informed and advised that, if the deal was satisfactory to Crowley, it would be satisfactory to appellant. The deal thereafter consummated was closed some time in May, 1909, by oral agreement with Crowley, and respondent ordered the engine and baler for delivery to appellant at the city of Ritzville. This evidence was sufficient to indicate that appellant directed respondent to make a satisfactory deal with Crowley, and we think no further

showing of his authority is necessary. Appellant, being a corporation, was compelled to act through agents, and Crowley, its conceded agent in charge of the ranch where the machinery was needed and was to be used, not only assumed to have, but did have, apparent authority to make the purchase.

Section 5290, Rem. & Bal. Code, provides:

"No contract for the sale of any goods, wares, or merchandise, for the price of fifty dollars or more, shall be good and valid, unless the purchaser shall accept and receive part of the goods so sold, or shall give something in earnest to bind the bargain, or in part payment, or unless some note or memorandum in writing of the bargain be made and signed by the party to be charged thereby, or by some person thereunto by him lawfully authorized."

It is conceded the contract of sale was oral; that no earnest was given; that no part payment was made; and that no memorandum in writing of the bargain was signed. The respondent contends, and the trial court necessarily found, the machinery was accepted and received by appellant. It is well settled by the authorities that to satisfy the statute there must be not only a delivery of the goods by the vendor, but also an actual acceptance by the vendee with an intention of taking possession as owner, and that this intent must be evidenced by unequivocal acts. Such intention if it exists must appear from the attending facts and circumstances. Without discussing the evidence in detail, we conclude it is sufficient to show that respondent was to deliver the machinery in Ritzville; that early in June, 1909, Crowley, appellant's agent, received the engine from respondent at Ritzville, and hauled it to the ranch; that a few days later when the baler arrived, he also received and hauled it to the ranch; that some dispute arose between him and respondent as to a belt needed for the baler but not provided; that respondent informed him no belt went with the baler, whereupon he purchased a belt for which appellant made payment; that the engine and baler remained in appellant's pos-

session at its ranch, and were never returned to respondent, and that for several weeks appellant made no offer to return them.

While there was evidence to the effect that the respondent was to start and test the baler, there was further evidence that it was to do so when requested by appellant; that respondent upon demand was to procure an expert for that purpose, who was to be paid by appellant, but that appellant never requested the expert or demanded a test of the baler. It is not disputed that appellant's employee hauled the machinery from Ritzville to the ranch, where it has since remained. Appellant knew the machinery was in its possession long prior to the commencement of this action, and that respondent claimed an absolute sale, delivery, and acceptance. The trial judge who heard the evidence undoubtedly concluded appellant had retained possession a sufficient length of time to show an absolute acceptance and claim of title as vendee. The controlling issues in this cause are issues of fact, and from a careful consideration of all the evidence, we conclude the respondent has sustained the burden of proof imposed upon it.

The judgment is affirmed.

DUNBAR, C. J., CHADWICK, and MORRIS, JJ., concur.