[No. 20071. Department One. November 12, 1926.]

A. H. HANCE, *Respondent*, v. M. P. FRAME, *Appellant*.[1]

[1] FRAUDS, STATUTE OF (42)—PART PERFORMANCE—POSSESSION OF PART OF GOODS. An oral sale of one hundred and fifty cords of wood is taken out of the operation of the statute of frauds where the buyer took possession of and removed one hundred cords before he was stopped.

Appeal from a judgment of the superior court for Lewis county, Simpson, J., entered December 9, 1925, upon findings in favor of the plaintiff, in an action of replevin, tried to the court. Affirmed.

*Gus L. Thacker,* for appellant.

*C. A. Studebaker,* for respondent.

PER CURIAM.—This action of replevin resulted in findings and a judgment in favor of respondent in the sum of one hundred eighty dollars.

On appeal appellant first contends that the evidence showed that the property in question, ninety cords of wood on premises formerly owned by appellant, belonged to him. On this question there is an entire conflict in the evidence, and the court found in favor of respondent. The evidence not preponderating against the finding of the trial court, it will not be disturbed.

[1] It is also contended that the sale of the wood by a partnership doing business under the firm name of Covington Lumber Company, having sold the same to respondent without any contract in writing, and the wood being of a value of more than fifty dollars, the consideration therefor not having been paid at the time, or any earnest money paid to bind the bargain, the contract is void under Rem. Comp. Stat., § 5826 [P. C. § 7746].

[1]Reported in 250 Pac. 456.

The evidence shows, however, that respondent took possession of the wood after he purchased it, proceeded to remove the same, and did remove about one hundred cords thereof before he was stopped by appellant. That was sufficient to take the transaction out of the statute of frauds. *Adams County Mercantile Co. v. Walla Walla Livestock Co.*, 64 Wash. 285, 116 Pac. 669.

We can see no just ground for reversing the judgment.

Affirmed.